## STATE v. J. J. WILSON.

### (Filed 19 December, 1924.)

**Criminal Law—Mayhem—Malice—Indictment—Less Degree of the Same Crime—Common Law—Statutes.**

Construing C. S., 4212 in connection with the history of legislation on the subject, it is *held* that thereunder the loss of an eye is not included in the offense of mayhem, and though the infliction thereof without malice may neither be sustained as provided by C. S., 4211, nor under the common law, requiring that the offense should have been committed with malice, yet upon proper evidence a conviction may be had of an assault with a deadly weapon and an assault with serious damages, as a less degree of the crime charged under the provisions of C. S., 4211.

APPEAL by defendant from *Sinclair, J.,* at June Term, 1924, of DURHAM, upon a verdict for maiming without malice.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Brawley & Gantt and J. W. Barbee for defendant.*

ADAMS, J. The first count in the indictment charges the defendant with maiming the prosecutor by putting out his eye with malice aforethought, in breach of section 4212 of the Consolidated Statutes, and the second count with maiming the prosecutor without malice in

breach of section 4211. The verdict was, "Guilty of maiming without malice aforethought."

It is evident, then, that the defendant was not convicted of the offense defined in section 4212; but it is contended that the verdict may be sustained under section 4640: "Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime." The specific contention is that the verdict and judgment can be sustained as a conviction for mayhem at common law. It is true the defendant might have been convicted of an assault, or of an attempt to commit a crime, as the statute provides; but it does not necessarily follow that a conviction for the common-law offense can be upheld. The jury found the fact to be that the assault was not made with malice; but malice, according to the authorities, was an essential element in mayhem at common law. In Pleas of the Crown, Vol. 1, 393, *East* says: "A maim at common law is such a bodily hurt as renders a man less able in fighting to defend himself or annoy his adversary; but if the injury be such as disfigures him only, without diminishing his corporal abilities, it does not fall within the crime of mayhem. Upon this distinction, the cutting off, disabling, or weakening a man's hand or finger, or striking out an eye, etc., are said to be maims; but the cutting off his ear or nose are not such at common law. But in order to found an indictment or appeal of mayhem the act must be done maliciously; though it matters not how sudden the occasion." After defining mayhem at common law, *Chitty* points out, "To bring any wound within this denomination, it is said it must be done maliciously, although it matters not how sudden the occasion." Criminal Law, Vol. 2, 784. "Mayhem was always an offense at common law. . . . To render the act indictable it must be done maliciously." Archbold's Cr. Pr. and Pld., 1, 6 Ed., Vol. 2 (264). "At common law an indictment for mayhem could be supported only when the act was done with malice." 26 Cyc., 1596. See, also, Hawkins' Pleas of the Crown by Curwood, Vol. 1, ch. 15; Reeves' History of the English Law, Vol. 2, 34; McClain's Cr. Law, Vol. 1, 418, sec. 436 a. The word "malice" or "maliciously," appears in the statutes of 5 Henry IV, ch. 5; 37 Henry VIII, ch. 6; and 22 and 23 Charles II, ch. 1.

The defendant's contention that he cannot be convicted of mayhem upon the second count involves the construction of section 4211. While the nose, the lip and the ear are particularly designated, the word "eye" is omitted from this section. To determine whether it is embraced in the words "any limb or member" we must look into the history of our legislation on the subject.

The statute of 22 and 23 Charles II, *supra,* provided for the punishment of malicious mayhem committeed by lying in wait, etc. It was adopted in North Carolina, 16 October, 1749 (23 State Records, 324), but was superseded by the act of 1754, which provided "That if any person or persons, from and after the ratification of this act, on purpose, shall unlawfully cut out or disable the tongue, put out an eye, slit the nose, bite or cut off a nose or lip, bite or cut off or disable any limb or member of any subject of his Majesty in so doing to maim or disfigure in any of the manners before mentioned such his Majesty's subjects," etc.

In 1791, this act was repealed and the following statutes were enacted: 1. "That if any person or persons shall of malice aforethought unlawfully cut out or disable the tongue, or put out an eye of any person with intent to murder, maim or disfigure, the person or persons so offending, their counsellors, abettors and aiders, knowing of any privy to the offense as aforesaid, shall for the first offense," etc. 2. "That if any person or persons shall on purpose unlawfully cut or slit the nose, bite or cut off a nose or lip, bite or cut off an ear, or disable any limb or member of any other person with intent to murder, or to maim or disfigure such person in any such case the person or persons so offending shall be imprisoned," etc. Laws of North Carolina, 1791, 718, ch. 8.

It will be observed that the first of these statutes is now section 4212, *supra,* and that the second is section 4211, *supra.* From the latter, the words "eye" and "tongue" were omitted, and it is evident that the omission was both intentional and significant.

The act of 1754, *supra,* designates the tongue, the eye, the nose, the ear, the lip, and "any limb or member." The words "limb" and "member" were obviously not intended to include the tongue, nose, lip or eye, which were specifically mentioned in the same clause. In section 4211, the words "tongue" and "eye" are omitted and the words "ear," "nose" and "lip" are retained. It seems to be manifest that the Legislature did not intend that the "tongue" or the "eye" should be embraced in the words "any limb or member."

We need not attempt the assignment of a reason for the omission and may adopt the language of *Chief Justice Ruffin:* "I answer as to the difference between the two sections that the Legislature intended it. If they had not, they would have used the same words, denoting the disposition in both." *S. v. Crawford,* 13 N. C., 425.

The motion to dismiss the action as in case of nonsuit was properly denied. There was evidence not only of mayhem, but of an assault with a deadly weapon and an assault with serious damage, as to which section 4640 would apply, and the law applicable to these phases of the testimony also should have been submitted to the jury.

New trial.